## Waters v. Evans

*Lois G. Forer*, for plaintiffs.

*Goodis, Greenfield, Narin & Mann*, for defendants.

GLEESON, J., October 1, 1969.—This case comes before the court on the preliminary objections of individual defendants, Samuel Evans, Vice Chairman of the Philadelphia Anti-poverty Action Commission, Barbara Weems, Executive Director of the Philadelphia Anti-poverty Action Commission, and Isaiah Crippins, Ex-officio and General Counsel of the Philadelphia Anti-poverty Action Commission, to the amended complaints of plaintiffs. Philadelphia Anti-poverty Action Commission is an official agency of the City of Philadelphia. All three actions involve basically the same factual issues and legal questions and, therefore, were argued together and will be considered together in this memorandum opinion. Plaintiffs originally brought this action in trespass alleging that individual defendants were negligent in their public duties in connection with Camp George, a children's summer camp, with which the Philadelphia Anti-poverty Action Commission contracted for a camping program during the summer of 1968. Plain-

tiffs further charged that individual defendants were "grossly negligent" in failing to inspect or investigate the said camp before completing arrangements for the Philadelphia Anti-poverty Action Commission program.

Individual defendants then filed preliminary objections in the nature of a demurrer to the complaint in each of the three captioned cases. On December 16, 1968, Judge Gutowicz entered the following order in each case:

"Preliminary Objections in the form of a Demurrer are sustained with leave to the plaintiff to file an Amended Complaint within 20 days which shall set forth facts to support a Conclusion that the defendants as public officers committed acts or omissions constituting wilful or wanton misconduct."

No appeal was taken from said order.

On December 30, 1968, plaintiffs filed the amended complaints alleging that defendants knew or should have known that Camp George was unaccredited, that they failed to investigate or inspect the camping conditions as well as other aspects of the program and that they were, therefore, "grossly negligent and acted with reckless and wanton disregard for the physical and moral safety and welfare of the plaintiff" and that their conduct constituted "wilful and wanton misconduct." Plaintiffs again filed preliminary objections in the nature of a demurrer to each of the three amended complaints and it is in this posture that the case now comes before the court.

The single issue which must be decided is whether or not the amended complaints sufficiently allege acts constituting wilful and wanton misconduct such as will subject public officials to personal liability. We think the amended complaints fail to do so.

The Pennsylvania cases appear to be clear that in order to fasten liability on a public official for acts

done in an official capacity, it is necessary to plead that the acts were motivated by malice or an intent to injure. This rule was early stated in Yealy v. Fink, 43 Pa. 212 (1862); Burton v. Fulton, 49 Pa. 151 (1865), and has been restated as recently as Thomas v. Osborn, 39 D. & C. 2d 472 (1966).

After having made a painstaking review of the complaint, we find it entirely lacking in allegations of malice or intention to injure and it does not plead factual allegations indicating such a state of mind on the part of the public officials involved. We, therefore, conclude that individual defendants are not subject to liability for the acts alleged in the amended complaint.

Accordingly, we sustain the preliminary objections of individual defendants and dismiss each of the complaints as to them.